UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT DOUCETTE, et al.,

        Plaintiffs,

v.

RYAN ZINKE, et al.,[1]

        Defendants.

C18-859 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion to dismiss, docket no. 9, is DENIED. The Court is satisfied that the Nooksack Indian Tribe of Washington (the "Nooksack Tribe" or the "Tribe") and the individuals elected to the Nooksack Tribal Council in 2017 (namely, Richard George, Agripina Smith, Roy Bailey, and Katherine Romero (aka Canete)) are not "necessary" persons within the meaning of Federal Rule of Civil Procedure 19(a)(1). The Court can afford "complete relief" among the existing parties, <u>see Alto v. Black</u>, 738 F.3d 1111, 1126 (9th Cir. 2013),[2] and the Tribe and aforementioned council members do

---

[1] Defendants propose to substitute Assistant Secretary for Indian Affairs Tara Katuk Mac Lean Sweeney for John Tahsuda III. John Tahsuda was not, however, sued in his capacity as Acting Assistant Secretary, but rather as Principal Deputy Assistant Secretary ("PDAS"), a position that he continues to occupy. Thus, substitution of Assistant Secretary Sweeney for PDAS Tahsuda is not authorized by Federal Rule of Civil Procedure 25(d). Because one of the decisions challenged in this matter was taken by PDAS Tahsuda while he was exercising the authority of Assistant Secretary for Indian Affairs, plaintiffs are GRANTED leave to amend their complaint to join Assistant Secretary Sweeney as an additional defendant. Any amended complaint shall be electronically filed within fourteen (14) days of the date of this Minute Order.

[2] In <u>Alto</u>, the Ninth Circuit concluded that the relief sought, namely remand to the Bureau of Indian Affairs ("BIA") for redetermination of the plaintiffs' enrollment status, would be "meaningful" as between the plaintiffs and the defendants (various Department of the Interior and BIA officials) "even if it does not bind the Tribe directly." 738 F.3d at 1126. The Ninth

MINUTE ORDER - 1

not have the requisite "legally protected interest" that might be impaired by their absence, *see Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990); *see also Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001).[3] Although the Tribe has an interest in having a governing body, it does not have a legally protected interest in

---

Circuit reasoned that, unlike in matters in which a tribe was found to be "necessary" because the injury at issue resulted from "the absent *tribe's* action," in *Alto*, the challenged decision was "that of the named agency defendant[s]." *Id.* (emphasis in original). The plaintiffs in *Alto* were Marcus Alto, Sr. and his descendants, who successfully applied in 1987 to be enrolled in the San Pasqual Band of Mission Indians (the "San Pasqual Band"). *Id.* at 1116. In 2007, the plaintiffs' membership was challenged on the ground that Marcus Alto, Sr., by then deceased, was adopted, and did not have the requisite degree of blood to be enrolled. *Id.* The San Pasqual Band's enrollment committee voted to disenroll the plaintiffs and requested that the BIA approve its decision. *Id.* at 1116-17. The BIA's regional director denied the request, but the Assistant Secretary for Indian Affairs reversed and issued a disenrollment order, which was the subject of the suit in *Alto*. *Id.* at 1117. The Ninth Circuit observed that the plaintiffs did not "ask the federal court to decide *ab initio* whether they meet the Band's enrollment criteria," but rather sought "review under the APA's arbitrary and capricious standard" of the Assistant Secretary's action in issuing the disenrollment order. *Id.* at 1123. Because the first three of plaintiffs' five APA claims stemmed from an injury that "resulted from the Secretary's actions in ruling the Altos ineligible for tribal membership, not from the Band's prior actions with regard to the membership issue," the *Alto* Court ruled that the San Pasqual Band's absence did not preclude "complete relief" among the existing parties. *Id.* at 1127. The Ninth Circuit acknowledged that enforcement issues might later arise if the San Pasqual Band declined to abide by the BIA's decision, but those problems, which were anticipated in the plaintiffs' fourth and fifth APA claims, were not before the *Alto* Court and did not affect its "complete relief" analysis. *Id.*

[3] In moving for dismissal pursuant to Rule 19, defendants rely on *Timbisha Shoshone Tribe v. U.S. Dep't of the Interior*, 290 F.R.D. 589 (E.D. Cal. 2013), *appeal dismissed as moot*, 824 F.3d 807 (9th Cir. 2016), but that case is distinguishable. Unlike in the current litigation, in *Timbisha Shoshone*, the plaintiffs actually won the first of the two elections at issue and were challenging the Assistant Secretary's rejection of the first (2007) election's results. The crux of the plaintiffs' claim was that they, and not the tribal council members elected in the second (2011) election, were the proper governing body for the Timbisha Shoshone Tribe. Because the judicial relief sought, namely invalidating the decisions rejecting the 2007 election and approving the 2011 election, would have had the effect of reinstating the plaintiffs as the tribal council, the members of the tribal council who were elected in 2011 and facing potential ouster had a legally protected interest in the litigation. *See id.* at 597. In contrast, plaintiffs in the instant case do not suggest that they are the rightful members of the Nooksack Tribal Council. They assert only that defendants acted arbitrarily and capriciously, abused their discretion, exceeded their authority, and/or failed to comply with Department of the Interior regulations and policies in endorsing the election in which plaintiffs made unsuccessful bids to be on the Nooksack Tribal Council. If the Court were to grant relief to plaintiffs, the effect would *not* be to unseat the current members of the Nooksack Tribal Council. Rather, defendants would be required to re-evaluate whether they must interpret Nooksack tribal law in assessing the validity of the challenged election conducted in 2017.

MINUTE ORDER - 2

exactly who holds which office, and although the current council members have an interest in keeping their positions, such interest is not legally protected if they procured their seats improperly. In asking that the United States Department of the Interior ("Interior") and the Bureau of Indian Affairs be required (on the requested remand) to abide by applicable regulations and policies and to exercise their discretion properly when re-assessing the validity of the 2017 election, plaintiffs seek relief that would affect only the future conduct of Interior's and/or the BIA's administrative process, and as to the particular procedures prospectively used by a federal agency, neither the Tribe nor the absent council members have a legally protected interest. *See Makah*, 910 F.2d at 558; *see also Hein v. Capitan Grande Band of Diegueno Mission Indians*, 201 F.3d 1256, 1261-62 (9th Cir. 2000).[4]

Even if the Tribe and/or council members elected in 2017 are "necessary" persons, they are not "indispensable" within the meaning of Federal Rule of Civil Procedure 19(b). The four factors outlined in Rule 19(b) weigh heavily in favor of this action continuing. The risk of prejudice is minimal (and the Court need not be concerned with the availability of means for lessening or avoiding prejudice) because the Tribe and council members George, Smith, Bailey, and Romero (aka Canete) will be adequately represented by the existing defendants, whose interests are aligned with those of the absent persons. *See Sac & Fox Nation*, 240 F.3d at 1260 (observing that the plaintiffs' claims "turn solely on the appropriateness of the Secretary's actions, and the Secretary is clearly capable of defending those actions"). In contrast, plaintiffs would have no alternative forum in which their claims could be heard if the Tribe and/or the council members elected in 2017 were deemed indispensable. *See id.*[5] The Court cannot "in equity and good conscience" dismiss this matter pursuant to Rule 19(b).

---

[4] Contrary to defendants' assertion, plaintiffs do not seek "an order setting aside the Department [of the Interior]'s recognition of the existing Council," *see* Reply at 2 (docket no. 13), but rather request a declaratory judgment that defendants' departure from "established policy" was *inter alia* "arbitrary and capricious," *see* Compl. at § VII(A) (docket no. 1). In arguing that, to be afforded "complete relief," plaintiffs necessarily desire (and must have) more from the Court than an order directed at Interior Secretary Zinke and/or other defendants because the Nooksack Tribe need not comply with Interior's decisions, *see* Reply at 8-9, defendants completely ignore the sequence of events leading up to the 2017 election. The only reason that the 2017 election was conducted was Interior's insistence that it would not recognize the Nooksack Tribal Council, for purposes of government-to-government relations, until the council was duly constituted in accordance with tribal law. Defendants' contention that they now cannot compel a valid election is inconsistent with and undermined by Interior's and BIA's previous behavior, and their reliance on *Confederated Tribes of the Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496 (9th Cir. 1991), is misplaced.

[5] The Court is persuaded that *White v. Univ. of Cal.*, 765 F.3d 1010 (9th Cir. 2014), which was cited by defendants, does not dictate a different result. In *White*, a divided panel of the Ninth Circuit observed that "very little need" exists for balancing the Rule 19(b) factors when a

MINUTE ORDER - 3

(2) In light of the ruling in Paragraph 1, above, and having reviewed the Joint Status Report submitted by the parties, docket no. 14, the Court SETS the following dates and deadlines:

| | |
|---|---|
| Defendants' responsive pleading due | January 11, 2019 |
| Administrative Record[6] shall be filed by | January 25, 2019 |
| Plaintiffs' dispositive motion (not to exceed 24 pages in length) shall be noted for May 10, 2019, and filed by | March 7, 2019 |
| Defendants' consolidated response and cross-motion (not to exceed 48 pages in length) shall be noted for May 10, 2019, and filed by | April 4, 2019 |
| Plaintiffs' consolidated reply and response to cross-motion (not to exceed 36 pages in length) shall be filed by | April 26, 2019 |
| Defendants' reply (not to exceed 12 pages in length) shall be filed by | May 10, 2019 |

---

"necessary" person is immune from suit because "immunity itself may be viewed as the compelling factor." *Id.* at 1028. The majority referenced what it described as a "wall of circuit authority" standing for the proposition that dismissal under Rule 19 was proper when the absent party is a tribe invested with sovereign immunity. *Id.* Every case, however, within the "wall of circuit authority" involved an absent tribe that was a party or signatory to a contract sought to be enforced in the litigation. In this matter, although the Memorandum of Agreement ("MOA") signed by then Nooksack Tribal Council Chairman, Robert Kelly, Jr., was the vehicle via which Acting BIA Northwest Regional Director Twyla Stange endorsed the 2017 election and PDAS Tahsuda recognized the Nooksack Tribal Council, the parties to the MOA agreed that it was not a binding contract, Ex. D to Galanda Decl. (docket no. 12-4 at 5), and plaintiffs do not seek in this action to either enforce or invalidate the MOA. Thus, the "wall of circuit authority" cited in *White* does not mandate a conclusion that the Nooksack Tribe is "indispensable" merely because it is immune from suit.

[6] The administrative record shall be filed via the Case Management and Electronic Court Files ("CM/ECF") system. A working hardcopy of the administrative record, tabbed and bound in a three-ring notebook, must be provided to the Court at the time any dispositive motion is filed.

MINUTE ORDER - 4

(3) Within fourteen (14) days of the date of this Minute Order, the parties shall meet and confer and file a Joint Status Report indicating whether this matter should be stayed pending a decision by the United States Court of Appeals for the Ninth Circuit in *Rabang v. Kelly*, No. 18-35711 (on appeal from W.D. Wash. Case No. C17-88-JCC).

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of December, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5