UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT DOUCETTE, et al.,

    Plaintiffs,

v.

DAVID BERNHARDT, Secretary of United States Department of the Interior, et al.,

    Defendants.

C18-859 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' Motion for an Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1, docket no. 45, is DENIED. In March 2018, defendants (collectively referred to herein as the "BIA") recognized the Nooksack Tribal Council following a December 2017 Special Election to fill four vacant seats. Plaintiffs challenged the election under the Administrative Procedure Act. This Court granted summary judgment in favor of the BIA and plaintiffs appealed. The appeal is still pending. Plaintiffs now seek an "indicative ruling" from this Court that it would grant motions brought under Rule 60(b) and Rule 15(a)(2) based on "New Evidence." Plaintiffs do not, however, demonstrate that the "New Evidence" would have had any effect on the ultimate decision of the BIA. At most, the "New Evidence" questions the timing of the BIA's decision. As noted in the Court's previous Order, the BIA had "concluded that the [primary and general] elections were conducted in accordance with the requirements set forth in the Nooksack Constitution and Title 62 of the Nooksack Tribal Code." Order at 8 (docket no. 41) (citing AR 87 & 89-90). The Court also addressed the only specific challenge that plaintiffs presented to the BIA and continued to

MINUTE ORDER - 1

advance in this litigation, namely that ballots were improperly cast in person, rather than by mail. The BIA ultimately concluded that whether ballots could be submitted by hand or had to be postmarked was "one of tribal law and the BIA decline[d] to insert itself and interpret tribal law in this instance." AR 89. Plaintiffs' "New Evidence" does not address or have any bearing on that conclusion. Plaintiffs have failed to demonstrate any basis to overturn the BIA's decision to recognize the Nooksack Tribal Council.[1] As a result, the Court declines to enter the requested relief.[2]

     (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of March, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] Any failure to disclose the "New Evidence" in responses to a third party's Freedom of Information Act requests is not a basis for the Court to reconsider its previous ruling.

[2] Plaintiffs indicate that, if their Rule 62.1 motion is not granted, they intend to bring a new suit based on the "New Evidence." Reply at 2 n.1 (docket no. 52). As a result, plaintiffs state that "the underlying question before the Court is whether any new APA claim should be a part of this action." *Id.* The answer to that question is clear. Any new challenge based on the "New Evidence" should not be part of this action.

MINUTE ORDER - 2